FILED
May 15, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____PT_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LUCAS MORGAN,** <br> **TDCJ No. 01500023,** <br> <br> Petitioner, <br> <br> v. <br> <br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br> <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> <br> CIVIL NO. SA-22-CA-0908-OLG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Lucas Morgan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) wherein Petitioner challenges the constitutionality of the State of Texas' refusal to release him to parole. Also before the Court are Petitioner's supplemental Memorandum in Support (ECF No. 2) and Respondent Bobby Lumpkin's Answer (ECF No. 8).

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In December 2006, Petitioner plead guilty to one count of murder and was sentenced to twenty-five years of imprisonment. *State v. Morgan*, No. 2005CR7611 (187th Dist. Ct., Bexar Cnty., Tex. Dec. 7, 2006); (ECF No. 9-4 at 172-73). Petitioner did not appeal his conviction and sentence. (ECF Nos. 1 at 3, 9-4 at 40).

Petitioner's maximum discharge date is July 12, 2030, and he became eligible for parole in January 2018. (ECF No. 9-4 at 179). The Texas Board of Pardons and Paroles (the Board) reviewed Petitioner for release on parole on December 14, 2017, and again on December 2, 2019. *Id*. The Board denied Petitioner release to parole both times, citing the following reasons: 2D ("instant offense has elements of brutality, violence, assaultive behavior or conscious selection of victim's vulnerability") and 3D ("excessive substance use involvement"). *Id*. at 179-80.

On December 8, 2020, Petitioner filed a state habeas corpus application challenging the Board's decision to deny his release to parole. *Ex parte Morgan*, No. 92,761-01 (Tex. Crim. App.); (ECF No. 9-4 at 19). The Texas Court of Criminal Appeals ultimately denied this application without written order on August 18, 2021. (ECF No. 9-1).

A year later, Petitioner placed the instant federal habeas corpus petition in the prison mail system. (ECF No. 1 at 15). In the petition and accompanying memorandum in support, Petitioner again challenges the denial of his release to parole by raising several allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings. Specifically, Petitioner contends that Tex. Gov't. Code § 508.145(d) vested him with a liberty interest in being released to parole after serving half of his twenty-five-year sentence. According to Petitioner, the use of a parole board to determine his eligibility for parole was improper because (1) the statute already vested him with a liberty interest in parole, and (2) improperly conflates his parole eligibility with his eligibility for release to mandatory supervision under Tex. Gov't. Code § 508.149.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous.  *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself.  *Richter*, 562 U.S. at 102.  Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold."  *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).  So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's

determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

Petitioner's allegations all concern the Board's decision to deny him parole in December 2017 and again in December 2019. However, a prisoner has no federal constitutional right to be released before the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979); *Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson*, 110 F.3d at 308 (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Contrary to Petitioner's arguments, parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. *See Greenholtz*, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally

released before the expiration of a valid sentence); 37 Tex. Admin. Code § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. *See* 37 Tex. Admin. Code § 145.3(1) ("[T]he parole decision maker is vested with *complete discretion* to grant, or to deny parole release. . . .") (emphasis added); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). And it is the Board who "is the exclusive authority for determining whether qualified prisoners receive parole." *Johnson*, 110 F.3d at 303.

Accordingly, since Petitioner does not have a liberty interest in parole, any due process claims raised by him regarding parole lack merit.

Finally, the Court also observes that Petitioner raised the same issues in his state habeas application. (ECF No. 9-4 at 4-31). The state habeas trial court issued detailed findings and concluded that Petitioner's constitutional rights were not violated by the Board's denial of parole. *Id*. at 195-200. These findings and conclusions were then adopted by the Texas Court of Criminal Appeals when it denied Petitioner's state habeas application. (ECF No. 9-1). These determinations are entitled to a presumption of correctness unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit

findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Petitioner has provided no persuasive argument rebutting the state court's conclusions on his state habeas application. Consequently, given the deference afforded state court determinations on federal habeas review, relief is denied. *Richter*, 562 U.S. at 103.

### IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in Petitioner's state court proceedings.  As a result, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Lucas Morgan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the   15th   day of May, 2023.

_____
**ORLANDO L. GARCIA**
**United States District Judge**